Den, ex dem. Hinchman, v. Clark and Zilcar.

# GLOUCESTER NISI PRIUS.

## JUNE TERM, 1794.

### DEN, EX DEM. HINCHMAN, v. CLARK AND ZILCAR.

1. The judge before whom a special jury is struck is not competent to determine upon irregularities in the notice; application must be made to the court.

2. A juror who married the daughter of a brother of a party is disqualified from serving.

3. When the commissioners of forfeited estates convey the estate of A to B, it is immaterial whether they thought they were selling a life estate or a fee, and, therefore, evidence of such being their intention is inadmissible.

Den, ex dem. Hinchman, v. Clark and Zilcar.

On striking the jury in this cause, before KINSEY, C. J., under a rule of court, *Leake*, for the defendant, objected to striking the jury, on the ground that the notice to strike it was uncertain and irregular, it being entitled merely with the surnames of the parties, and not mentioning their Christian names.

KINSEY, C. J.

If the plaintiff has been guilty of any irregularity in the notice you must move the court. I cannot determine upon irregularities in this stage of the cause, and as the counsel on both sides appear, I think it my duty to proceed.

*Griffith*, for the plaintiff.

The cause came on for trial at the Gloucester Nisi Prius, in June, 1794, before KINSEY, C. J., and CHETWOOD, J., when the following points were ruled by the court:

1st. That a juror, having married the daughter of the defendant's brother, was disqualified from sitting on the trial; and, the court observed, it was a principal challenge, and not to the favor. *Trials per Pais* 186. (*a*)

2d. The commissioners of forfeited estates having, by deed as by law directed, conveyed to the purchaser all the estate [447] of the offender, who had been guilty and convicted of treason, (see this case *ante p.* 340,) not specifying what estate he had, whether for life or in fee, it was inadmissible to introduce evidence to show that, in fact, the commissioners advertised a life estate, and considered themselves as selling a life estate; or that such was the belief and intention of the purchaser at the time of the sale. The court were of opinion that although this evidence did not contradict the deed, being designed merely to explain what on the face of the instrument was ambiguous, yet it was immaterial evidence, and objectionable on that ground. The purchaser became entitled to the estate of which the offender was seized, and neither the

(*a*) If wife be dead, then no principal challenge. *Noy's Max.* 2.

state nor any other persons could have their rights influenced or altered by any erroneous apprehensions of the commissioners. (*a*)

(*a*) The Chief Justice, when this cause came before the court again stated that this evidence was improperly overruled.